IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonathan Boone, #162652,  ) | |
| ) | C/A No. 0:09-014-GRA-PJG |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Henry McMaster, Attorney General for ) | |
| South Carolina; Warden of Manning ) | |
| Correctional Institution, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

The petitioner, Jonathan Boone ("Boone"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondents' motion for summary judgment (Docket Entry 14). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 16.) Following an extension of time, Boone filed a response in opposition to the respondents' motion. (Docket Entry 23.) The motion is now before the court for a Report and Recommendation.

## BACKGROUND

Boone was indicted in January 2004 in Horry County for murder (04-GS-26-308) and assault and battery with intent to kill (04-GS-26-307). (Docket Entry 15-16 at 5, 11.) Boone was represented by William Monckton, Esquire, and on May 2-3, 2005, was tried by a jury and found guilty of the lesser included offenses of voluntary manslaughter and assault and battery of a high and aggravated nature ("ABHAN"). (Docket Entry 15-17 at 4-5.) The circuit court sentenced Boone to

fifteen years' imprisonment for voluntary manslaughter and ten years' imprisonment for ABHAN, both sentences to be served concurrently. (Id.) Boone did not file a direct appeal.

On August 17, 2005, Boone filed a *pro se* application for post-conviction relief ("2005 PCR Action"). (See Boone v. State of South Carolina, 05-CP-26-4339, Docket Entry 15-2.) The State filed a return. (Docket Entry 15-3.) Through counsel, Boone amended his PCR application on July 11, 2006. (Docket Entry 15-4.) On July 26, 2006, the PCR court held an evidentiary hearing at which Boone appeared and testified and was represented by Dan Guiney, Esquire. (Docket Entry 15-5.) Prior to the hearing, Boone filed a motion to withdraw his PCR application. The PCR court granted Boone's motion to withdraw his application and entered a consent order on July 27, 2006 dismissing Boone's application with prejudice. (Docket Entry 15-6.)

Boone filed a second PCR application on January 19, 2007 ("2007 PCR Action"). (See Boone v. State of South Carolina, 07-CP-26-410, Docket Entry 15-7.) The State filed a return and motion to dismiss on April 13, 2007. (Docket Entry 15-8.) On January 22, 2008, the PCR court held a hearing at which Boone appeared and was represented by Paul Archer, Esquire. The PCR judge dismissed Boone's second PCR application as untimely and successive in an order dated February 1, 2008. (Docket Entry 15-9.) Additionally, the court found Boone's assertion that his prior withdrawal of his first PCR application was not voluntary to be without merit.

Counsel for Boone timely filed a notice of appeal. The South Carolina Supreme Court dismissed Boone's appeal on March 25, 2008 due to Boone's failure to provide written explanation as to why the lower court determination was improper, as required by Rule 227(c) of the South Carolina Appellate Court Rules. (Docket Entry 15-14.) The remittitur was issued on April 10, 2008. (Docket Entry 15-15.)

# FEDERAL HABEAS ISSUES

Boone filed the instant petition for a writ of habeas corpus on December 29, 2008. (Docket Entry 1.) In his Petition, Boone raises the following issues:

> **Ground One:** Ineffective Assistance of Counsel
> **Supporting Facts:** My lawyer failed to investigate who killed victim as I told him I did not kill him. He failed to investigate as to where weapon was, failed to suppress the screwdriver and picture present[ed] at trial as they bolstered jury's mind and were not involved in crime as experts testified to[]. Fail[ed] to call wit[]ness concerning me wanting to talk to police again to write statement. Failed to see if I was competent to stand trial and testify. Failed to appeal my trial or advise me of appeal. Lawyer was uneducated to represent me, as he said at PCR that I would be facing the greater charge if I proceeded to go through PCR.

(Docket Entry 1.)

# DISCUSSION

**A.      Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

PJG

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

C.   **Statute of Limitations**

The respondent argues that Boone's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Boone's conviction became final ten days after May 3, 2005, the date of his sentencing, as this was the last date on which he could serve a notice of appeal to the South Carolina Supreme Court. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed.") Thus, his conviction became final on May 13, 2005. Accordingly, the limitations period began to run on May 14, 2005 and expired on May 15, 2006,[1] unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Boone filed his first state PCR application on August 17, 2005. At that point, 96 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of any of Boone's PCR actions that were properly filed. The PCR court issued its consent order dismissing Boone's application with prejudice on July 27, 2006. As no appeal was filed from this order, and viewing the dates in the light most favorable to Boone, this

---

[1]May 13, 2006 was a Saturday; therefore, Boone had until the following Monday, May 15, 2006, to file his federal habeas petition. See Fed. R. Civ. P. 6(a)(3); see also Rules Governing § 2254 Cases, Rule 11, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

decision became final on August 26, 2006—thirty days after the entry of the order—pursuant to Rule 203(b)(1), SCACR. At this time, Boone had 269 days of statutory time remaining.

Although Boone filed a second PCR application on January 19, 2007, this application did not toll the statute of limitations because the PCR court dismissed it as successive and time barred. Pace v. Diguglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling).

Boone's federal Petition was filed on December 29, 2008. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). As of the filing date of the federal Petition, 856 days of non-tolled time had run from the dismissal of the 2005 PCR Action. Adding the 96 days that accrued between the date his conviction became final and the filing of the 2005 PCR application results in a total of 952 days of non-tolled time. Accordingly, Boone filed his federal habeas application approximately 587 days after the expiration of the one-year limitations period under § 2244(d)(1)(A).

### D. Boone's Arguments

In his response to the respondents' motion for summary judgment, Boone appears to reargue his asserted grounds for habeas corpus relief and raise state law issues. However, it does not appear that Boone makes any argument in response to the respondents' statute of limitations defense.

Even liberally construing Boone's arguments as asserting that he is entitled to equitable tolling, he fails to establish the type of extraordinary circumstances necessary for equitable tolling. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (applying equitable tolling against a § 2244(d) deadline); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking

equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.") (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Boone's arguments can be categorized as attorney error by PCR counsel, and to some extent ignorance of the law. These arguments do not constitute extraordinary circumstances. See Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (attorney error does not "warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel"); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002) ("Many courts have considered the question whether attorney error constitutes 'rare and exceptional circumstances' and have held that it does not."); Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original).

**RECOMMENDATION**

Based upon the foregoing, the court finds that Boone's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondents' motion for summary judgment (Docket Entry 14) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 21, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).