IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Jonathan Boone, | ) | |
| #162652, | ) | |
| | ) | Civil Action No. 0:09-014-GRA |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Henry McMaster, Attorney General, | ) | |
| South Carolina; Warden of Manning | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter comes before the Court upon Petitioner's Objections to the Magistrate Judge Gossett's Report and Recommendation. Petitioner filed for relief under 28 U.S.C. § 2254, on January 5, 2009. Respondent filed a Motion for Summary Judgment on April 22, 2009. On April 23, 2009, the magistrate judge, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advised Petitioner of the procedure and possible consequences if he failed to respond. Following an extension of time, Petitioner filed a Response in opposition to Respondent's motion on June 18, 2009.

On October 21, 2009, the magistrate issued a Report and Recommendation recommending that Respondent's motion for summary judgment be granted and that the petition be dismissed with prejudice. On November 4, 2009, Petitioner filed objections to the Report and Recommendation. For the reasons stated herein, this

Court accepts the recommendation of the magistrate and GRANTS Respondent's motion for summary judgment.

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Petitioner makes five objections to

the magistrate's report. Petitioner's first objection is merely a restatement of previous arguments he made in response to Respondent's motion for summary judgment. Because Petitioner attempts to merely reargue his prior assertions, this Court will not address this objection. The final three objections listed by Petitioner are general and fail to direct the Court to any specific part of the magistrate's report. The Court does not have to address these objections. Therefore, Petitioner's above objections are without merit.

Only one of Petitioner's objections needs further discussion. Petitioner's second objection is that "the State allowed the petitioner to withdraw his application, knowing there were merits alleged to warrant a reversal in the conviction and sentence." (Pet.'s Obj. at 1.) If Petitioner is trying to argue an entitlement to equitable tolling, he is mistaken. To begin, the magistrate already addressed an equitable tolling argument, but in an abundance of caution, the Court will address this limited objection. The State allowing Petitioner to withdraw his application does not constitute extraordinary circumstances necessary for equitable tolling. Petitioner requested the withdrawal of his first application. When it was granted, Petitioner still had 269 days to file his § 2254 application for federal habeas corpus. Petitioner's decision to try for a second bite of the apple with a later PCR application in lieu of immediately filing for federal relief is not enough to reach extraordinary circumstances. If Petitioner attempts to argue attorney misconduct in allowing Petitioner to withdraw his application, this does not withstand the extraordinary circumstances standard. *See Goedeke v. McBride*,

437 F. Supp. 2d 590, 596-97 (S.D.W.Va. 2006).  Therefore, this objection is meritless.

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

Based on the foregoing, the Respondent's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

Anderson, South Carolina
November  9 , 2009

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.